Joshua W. Carden, SBN 021698
CARDEN LIVESAY, LTD.
419 E. Juanita Ave., Ste. 103
Mesa, AZ 85204
joshua@cardenlivesay.com
(480) 345-9500
(480) 345-6559 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whitley King,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rite of Passage, Inc.,<br><br>　　　　　Defendant. | **ORIGINAL COMPLAINT** |

Plaintiff Whitley King, by and through undersigned counsel, seeks relief in this complaint against Defendant Rite of Passage, Inc., as follows:

## INTRODUCTION

1. Ms. King brings violations of two federal laws – FMLA and ADA Discrimination and Retaliation in connection with her employment by Rite of Passage, Inc.

## THE PARTIES

2. Plaintiff Whitley King is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of Rite of Passage, Inc. for purposes of the Family Medical Leave Act ("FMLA"), 29 U.S.C §§ 2601, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.*

3. Defendant Rite of Passage, Inc. ("ROP") is a Nevada Corporation authorized to do business within Maricopa County, Arizona. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

4. ROP was an "employer" of Plaintiff within the meaning of the FMLA, ADA, and



Title VII at all times material to this action.

5. At all times pertinent to this Complaint, ROP's management officials were acting within the course and scope of their employment with ROP; and as a result thereof, Defendant ROP is responsible and liability is imputed for the acts and omissions of its management officials, as alleged herein, under the principle of *respondeat superior*, agency, and/or other applicable law.

6. Defendant ROP, at all relevant times herein, employed over 500 persons.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

8. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant ROP's premises located in Maricopa County, State of Arizona.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. ROP hired Ms. King as a teacher in 2017.

11. Ms. King informed her principal and other staff members of a disability in early 2018 verbally, and in writing in early 2019.

12. This disability self-evidently causes impairment of one or more major life functions.

13. ROP was able to accommodate Ms. King by allowing her to leave her classroom briefly and go to the restroom as needed

14. In late 2019, Ms. King's vice principal suddenly informed her that no teachers would be permitted to leave their classroom and go to the restroom.

15. Ms. King informed the vice principal of her disability and requested that her accommodation be allowed to continue.

16. The vice principal refused to continue the accommodation.

17. In January 2020, Ms. King provided ROP's HR department a doctor's note regarding her disability and documentation supporting her need for intermittent FMLA.

18. In March 2020, ROP responded that there were no positions where Ms. King's disability could be accommodated.

19. Upon information and belief, this statement by ROP was false, and known to ROP



to be false at the time it was made.

20. Thereafter, ROP placed Ms. King on continuous FMLA (unpaid) leave.

21. In April 2020, ROP informed Ms. King that she could not return to work unless she had no restrictions or needs at all.

22. Ms. King informed ROP that she would be obtaining a doctor's note explaining why this was impossible.

23. In May 2020, ROP terminated Ms. King.

24. Ms. King sought permission from ROP to gain additional medical support for her position, as her doctors had very little availability for appointments.

25. ROP refused and stood by the termination.

26. Additionally, ROP kept or destroyed many of Ms. King's personal belongings and classroom materials after her termination.

27. Upon information and belief the reason for ROPs treatment of Ms. King was her disability, her request for and use of FMLA, and her opposition to the way she was being treated and the way her FMLA leave was being handled.

**EEOC Administrative Process**

28. On October 5, 2016, Plaintiff filed a charge of discrimination with the EEOC alleging discrimination/harassment on the basis of sex and disability, and retaliation. A true and correct copy of that Charge is attached hereto as Exhibit A.

29. On July 19, 2021, the EEOC completed its investigation and issued a Notice of Suit Rights. A true and correct copy of the Notice is attached hereto as Exhibit B.

30. This lawsuit was originally filed within 90 days of the receipt of the Notice.

31. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

**FIRST CAUSE OF ACTION – FMLA INTERFERENCE**

32. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

33. Plaintiff applied for intermittent FMLA leave during her employment with Defendant for her own serious health condition, which request was denied.

3

34. As alleged above, Plaintiff had requested intermittent FMLA leave, was on involuntary continuous FMLA leave, and was eventually discharged by Defendant while on that leave.

35. It is unlawful for Defendant to make any decision to terminate Plaintiff for exercising her rights under the FMLA.

36. Furthermore, Defendant interfered with Plaintiff's FMLA rights by, *inter alia*, refusing to authorize intermittent FMLA leave for her, discouraging her from using FMLA leave, using her request for or use of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions, and refusing to return her to her job.

37. The Defendant's actions in violating the FMLA were willful, unreasonable, and without good faith.

38. Thus, in addition to the amount of any lost compensation, benefits and other monetary damages owed, Plaintiff is entitled to recover from the Defendant an additional equal amount as liquidated damages.

## SECOND CAUSE OF ACTION – FMLA RETALIATION

39. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

40. Plaintiff engaged in the protected activity of opposing Defendant's violation of her FMLA rights by complaining to HR.

41. Defendant had knowledge of Plaintiff's protected activity.

42. She experienced retaliation as a result of her protected activity, including her discharge.

43. There was a causal connection between her protected activity under the FMLA, and Defendant's retaliation.

44. The Defendant's actions were willful, unreasonable, and without good faith.

45. As a direct and proximate result of Defendant's conduct, which violates the anti-retaliation provisions of the FMLA, Plaintiff is entitled to recover from the Defendant any lost compensation, benefits and other monetary damages owed, plus an additional equal amount as liquidated damages.

**THIRD CAUSE OF ACTION – ADA DISCRIMINATION AND HARASSMENT**

46. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

47. Plaintiff was a qualified individual with a disability, capable of performing her job with reasonable accommodations.

48. Plaintiff's physical condition, as described above, caused substantial limitation to the performance of major life activities.

49. Plaintiff's requests for an accommodation further placed Defendant on notice of a disability and contributed to the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

50. Defendant, exhibited hostility, mocked Plaintiff's condition, and constantly and unreasonably challenged her need for an accommodation.

51. Defendant furthermore required Plaintiff to be "restriction free" before she would be returned to work.

52. By these actions, Defendant has engaged in direct discrimination and harassment against Plaintiff, as well as treating her disparately from other non-disabled workers in violation of the ADA.

53. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

54. Plaintiff continues to lose the value of such wages and benefits into the future.

55. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**FOURTH CAUSE OF ACTION – ADA RETALIATION**

56. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

57. Plaintiff engaged in protected activity by reporting and opposing violations of her rights and reporting a perceived hostile work environment to Defendant's HR.

58. Defendant has retaliated against Plaintiff for engaging in protected activity by taking adverse actions as described herein in violation of the ADA, including her ultimate termination.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained



damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

61. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**DEMAND FOR TRIAL BY JURY**

62. Plaintiff hereby demands a trial by jury, pursuant to the U.S. Constitution, Seventh Amendment and Federal Rules of Civil Procedure Rule 38(a, b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;
B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;
C. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, back pay, front pay, pension, lost benefits, and other monetary damages owed;
D. Equitable relief (including an order prohibiting future discrimination or retaliation);
E. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;
F. Awarding liquidated damages for Defendant's actions taken without good faith;
G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and
H. For such other and further relief as the Court deems just and proper.



Respectfully submitted on this 18th day of October, 2021,

            CARDEN LIVESAY, LTD.

            By: <u>s/Joshua W. Carden</u>
            Joshua W. Carden
            *Attorney for Plaintiff*
            *Whitley King*

